UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS FRANCIS SMITH, Plaintiff, v. VICKI HENNESSY, et al., Defendants. | Case No. 18-cv-07133-EMC **ORDER OF DISMISSAL WITH LEAVE TO AMEND** Docket No. 1 |

## I.    INTRODUCTION

Lewis Francis Smith, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, he alleges that Sheriff Hennessy ought to be held liable "in the same way as are the individual officers who are on the scene inflicting constitutional injury" that he does not describe. Docket No. 1 at 3. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint does not state a claim upon which relief may be granted. The complaint has no factual details and instead alleges only that there has been an unidentified "constitutional injury." Docket No. 1 at 3. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[1] A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Mr. Smith's complaint does not allege facts sufficient to plausibly show the violation of a right secured by the Constitution or laws of the United States by any defendant.

Leave to amend is granted so that Mr. Smith may file an amended complaint that proffers enough facts to state a claim for relief that is plausible on its face. Mr. Smith is cautioned that he must provide a full statement of his claims in his amended complaint. The Court will not read through exhibits to the complaint or amended complaint to piece together a claim for a plaintiff.

In his amended complaint, Mr. Smith must allege facts showing his entitlement to relief from each and every defendant who he proposes to hold liable on the claim. Mr. Smith may name as defendants those individuals whose acts or omissions caused the violation of his rights under the Constitution or laws of the United States. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his

---

[1] This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

### III. CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend is granted so that Mr. Smith may attempt to allege one or more claims in an amended complaint. The amended complaint must be filed no later than **April 26, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Smith is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: March 29, 2019

_____
EDWARD M. CHEN
United States District Judge